UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RANDY C MARSHALL #539910                CIVIL ACTION NO. 18-cv-1559

VERSUS                                   JUDGE ELIZABETH E. FOOTE

N BURL CAIN                              MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Randy C. Marshall ("Petitioner") was 17 years old when he shot and killed a man during a robbery. After a bench trial, Petitioner was found guilty of second-degree murder. The trial judge imposed a mandatory sentence of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The conviction and sentence were affirmed on appeal. State v. Marshall, 6 So.3d 1051 (La. App. 2d Cir. 2009), writ denied, 25 So.3d 130 (La. 2010).

The Supreme Court later held that the constitution prohibits the imposition of a mandatory life without parole sentence on a juvenile offender. Petitioner filed a motion to correct an illegal sentence, and the state court resentenced him to life without benefit of probation or suspension of sentence, but possible eligibility for parole. Petitioner appealed and argued that the court violated his due process rights by imposing a sentence not approved by the legislature, the court should have imposed the penalty that the legislature did approve for the lesser crime of manslaughter, and the court should have assured that a proportionate sentence was imposed. The state court rejected his arguments. State v.

Marshall, 245 So.3d 336 (La. App. 2d Cir. 2017), writ denied, 253 So.3d 792 (La. 2018). Petitioner now seeks federal habeas corpus relief on the same grounds presented in his appeal. For the reasons that follow, it is recommended that his petition be denied.

**Background**

    **A. The Crime**

In April 2005, Petitioner and two friends developed a plan to rob a man. Petitioner and one of his schoolmates skipped class one afternoon and waited for the third participant to pick them up. They drove to the intended victim's house to watch him. The driver provided Petitioner and his friend with handguns.

The man left his house and went to a local tire shop, where several men often gathered to play dominoes. Petitioner and his classmate entered the shop, held the men at gun point, and told them they were being robbed. They demanded that the men get on the floor and place all of their money beside them.

One of the men, Charlie Lewis, stabbed Petitioner in his ankle and his side. Petitioner shot Charlie five times with a .38 caliber revolver. Petitioner and his friends fled, and Charlie later died in the hospital.

Police investigation revealed information that included witnesses that saw Petitioner and his two friends fleeing the scene of the crime. Petitioner was arrested and interrogated. He first claimed that he shot Charlie in self defense in a dispute over domino winnings. He later admitted that he and his friends robbed the men and, after Charlie stabbed him, he shot Charlie "three or four" times.

The State offered Petitioner a plea agreement to serve 32 years imprisonment if he pled guilty to manslaughter, but Petitioner rejected the offer. He was found guilty of second-degree murder after a bench trial, and the court imposed a mandatory sentence of life imprisonment without benefit of parole.

### B. Miller and Montgomery

Several years after Petitioner committed his crime, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" Miller v. Alabama, 132 S.Ct. 2455 (2012). The Louisiana legislature responded to Miller in 2013 by enacting La. C.Cr.P. art. 878.1 and La. R.S. 15:574.4(E). Article 878.1 required courts to conduct a hearing in any case where an offender is to be sentenced to life imprisonment for first or second-degree murder where the offender was under the age of 18 at the time of the commission of the crime. The hearing would help the court determine whether the sentence should be imposed with or without parole eligibility pursuant to the provisions of La. R.S. 15:574.4(E). That statute, in turn, provided the conditions under which persons serving life sentences for first or second-degree murder committed under the age of 18 could become parole eligible.

The Louisiana Supreme Court held that Miller was not retroactive and that the new state sentencing statutes applied prospectively only. State v. Tate, 130 So.3d 829 (La. 2013). But the Supreme Court later held in Montgomery v. Louisiana, 136 S.Ct. 718 (2016) that Miller does apply retroactively and benefits even those defendants whose convictions and sentences were final prior to the Miller decision. After Montgomery held

that Miller was retroactive, the state supreme court was faced with determining how to provide a remedy for older cases such as this one. It held that, in the absence of legislative action, the 2013 enactments should be used for the resentencing hearings that must be conducted in such cases to determine whether the defendant will be granted or denied parole eligibility. State v. Montgomery, 194 So.3d 606 (La. 2016).

### C. New Sentence Imposed

In April 2016, after the Supreme Court issued Montgomery but before the Louisiana Supreme court issued its decision on remand, Petitioner filed a motion to correct illegal sentence. He argued that Miller, made retroactive by Montgomery, required that he be resentenced. He argued that state law required he be resentenced to the next most severe included offense. In the alternative, he demanded a sentence of life with immediate parole eligibility. Tr. Vol. 8, pp. 1769-74.

The trial court held a sentencing hearing on June 28, 2016, the same day the Supreme Court of Louisiana issued its decision in Montgomery. The court and parties were apparently not aware of the decision, if it had issued at the time of the hearing, but the sentence was in accordance with the ruling. The judge first rejected the next lesser included offense argument, which in this case would result in a sentence under the manslaughter statute. The court imposed a life sentence with the benefit of parole eligibility. Tr. Vol. 8, pp. 1797-1804.

Petitioner later filed a motion to reconsider sentence. Tr. Vol. 8, pp. 1788-92. He renewed his argument that due process and the requirement of "fair warning" did not allow a sentence based on a judicially crafted remedy that was not part of the legislatively enacted

statutes in place at the time of his crime. This, he argued, required that he be resentenced under the manslaughter statute. Petitioner made similar claims based on the Ex Post Facto Clause and the like. The court denied the motion in a short ruling that relied on the Louisiana Supreme Court's recent Montgomery ruling. Tr. 1793-94.

Petitioner filed an appeal. He argued that the trial court violated his due process rights under the state and federal constitutions, the trial court erred in denying his motion to reconsider sentence, and the trial court failed to assure that a proper and proportionate sentence was imposed at the resentencing. Tr. 1813-32. The appellate court affirmed the new sentence. Tr. 1856-64. The Louisiana Supreme Court denied a writ application (Tr. 3004), and Petitioner filed this habeas petition.

**D. Second or Successive Petition**

Before reaching the merits, a brief discussion is warranted as to whether this is a second or successive petition. Petitioner filed an earlier habeas petition that challenged his conviction, and it was denied on the merits. Marshall v. Cain, 12-cv-2914; Marshall v. Cain, 616 Fed. Appx. 202 (5th Cir. 2015), cert. denied, 136 S.Ct. 2014 (2016). A prisoner ordinarily requires authorization from the Fifth Circuit to file a second Section 2254 application in the district court, but an authorization is not required in this case because Petitioner is challenging a new sentence that was imposed after the first habeas proceeding. Terrick v. Vannoy, 2020 WL 2866603, *6 (E.D. La. 2020), citing In re Stewart, No. 14-30189 (5th Cir. June 18, 2014) (prisoner did not need authorization to file a new habeas application to challenge a new sentence imposed after Miller).

Page 5 of 12

**Petitioner's Burden**

The state appellate court squarely addressed the merits of each of Petitioner's issues. The Supreme Court of Louisiana gave no reasons for its writ denial, so this court must "look through" to the last state court decision that provided a relevant rationale and presume that the unexplained decision adopted the same reasoning. Wilson v. Sellers, 138 S.Ct. 1188 (2018). Because Petitioner's claims were adjudicated on the merits in state court, habeas relief is available only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established Supreme Court precedent when it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts. Williams v. Taylor, 120 S.Ct. 1495, 1519-20 (2000). A state court makes an unreasonable application of clearly established federal law when it identifies the correct governing legal principle from the Supreme Court's decisions but applies it to the facts in a way that is not only incorrect but objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855, 1862 (2010). When a state court has denied a claim on the merits, the AEDPA bars habeas relief unless the prisoner shows that the state court "erred so transparently that no fairminded jurist could agree with that court's decision." Bobby v. Dixon, 132 S.Ct. 26, 27 (2011) (per curiam).

**Due Process**

Petitioner first argues that the trial court violated his rights under the Due Process Clause by imposing a sentence that was not provided for by a statute in effect at the time of his crime. Petitioner argues that only the legislature can determine the possible sentences, and the Louisiana Supreme court acted without authority when it crafted the sentence to be imposed in this setting. Petitioner's second and related issue on appeal argued that the court should have instead imposed a sentence under the manslaughter statute, which carried a maximum term of 40 years at hard labor in 2005.

The state appellate court listed these assignments of error and set forth the basic arguments offered by Petitioner. The court summarily rejected them, citing several Louisiana appellate decisions that had already rejected the same or similar arguments.

The appellate court may not have addressed the issues in great detail, but it listed the assignments of error and rejected them when it held that the application of the new legislation was not unconstitutional. The AEDPA applies here because "Section 2254(d) applies even where there has been a summary denial." Cullen v. Pinholster, 131 S.Ct. 1388, 1402 (2011). "There is no text in the statute requiring a statement of reasons" by the state court. Harrington v. Richter, 131 S.Ct. 770, 784 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786, quoting Yarborough v. Alvarado, 124 S.Ct. 2140 (2004).

Petitioner faces a heavy burden under Section 2254(d) to obtain habeas relief on a claim on which the state court decided the merits. He has not pointed to any Supreme

Court decisions that clearly establish that any due process or fair notice requirement was violated by the remedy he was afforded to correct a constitutional error in his sentence. The elements of the crime for which Petitioner was convicted have not changed, and the Supreme Court in Montgomery stated that such a remedy was allowed:

> Giving Miller retroactive effect, moreover, does not required States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.

Montgomery, 136 S.Ct. at 736. Petitioner received a hearing, at which he was represented by counsel, and he received the full benefit of Miller, Montgomery, and the Louisiana legislation directed at the issue.

Federal district courts have rejected similar fair notice and due process arguments when the issues were presented in habeas petitions. See, e.g., Comeaux v. LeBlanc, 2020 WL 1934635, *4 (W.D. La. 2020); Looney v. Vannoy, 2019 WL 6034957, *3 (W.D. La. 2019; and Jackson v. Vannoy, 2019 WL 4145727 (W.D. La. 2019). A report and recommendation by the undersigned is before Chief Judge Hicks in a similar case, Calhoun v. Vannoy, 18-cv-0817.

The petitioner in Jackson applied to the Fifth Circuit for a COA, and Judge Higginson issued a detailed order that explained why the petitioner had not made a showing of a debatable issue that warranted full consideration by the court. The opinion addressed at length the lack of legislative authorization and fair notice, and ultimately found that the issues were moot because in August 2017, the Louisiana legislature amended the statutes

at issue to make them retroactive. Thus, regardless of any defects in resentencing that occurred before then, the current, versions of Article 878.1 and Section 15:574.4 enacted and made retroactive by the legislature require that the defendant receive the exact same sentence and consideration for parole eligibility.[1] The new legislation states that it is "notwithstanding any provision of law to the contrary," so even though the first or second-degree murder statute under which the petitioner was convicted did not itself authorize a modified sentence, this separate, overriding and retroactive provision now does. Accordingly, these arguments are moot. Jackson, 981 F.3d at 415-17.

The state court denied Petitioner's first two arguments on the merits. Petitioner has not demonstrated that the state court's adjudication of the claims was contrary to, or an unreasonable application of, clearly established federal Supreme Court precedent. The Fifth Circuit's recent denial of a COA in Jackson, where substantially similar claims were at issue, lends considerable support for this conclusion.

**Proper and Proportionate Sentence**

Petitioner argues that an automatic life sentence runs afoul of a requirement for individualized sentencing and violates the Eighth Amendment. He urges that he is entitled to be resentenced after a hearing where he is given an opportunity to present evidence of his diminished capacity due to his youth, his prospect for rehabilitation, and the like. The

---

[1] "Effective August 1, 2017 … the Louisiana Legislature added retroactive provisions to La. R.S. 15:574.4 and La. C.Cr.P. art. 878.1, which allow juveniles convicted of murder to obtain parole in accordance with the conditions and requirements set forth therein" and "reduced the required time a juvenile must serve before becoming eligible for parole from 35 years to 25 years." State v. Clark, 306 So. 3d 619 (La. App. 5th Cir. 2020), writ denied, 310 So. 3d 1150 (La. 2021).

state appellate court rejected this argument with the observation that Petitioner received the minimum sentence available under state law. The only question to be answered at the resentencing hearing was whether he was eligible for parole, and that was granted. Thus, there was no showing that the sentence violated the Eighth Amendment.

Judge Higginson also addressed this issue. The petitioner in Jackson argued that his sentence was unconstitutionally disproportionate because Louisiana statutes contravene Miller and Montgomery "by refusing district courts any discretion to consider mitigating factors and impose individualized sentences less than life with the opportunity for parole." The petitioner demanded a resentencing that would take account of his life and characteristics. Jackson, 981 F.3d at 4017. Judge Higginson denied a COA on the claim because Miller did not disallow sentences of life *with* the opportunity for parole for a juvenile homicide offender. "Nor is it clearly established that courts must consider mitigating factors of youth before imposing such a sentence." Id. All that is clearly established is that a court must consider youth-related mitigating factors in a case in which it imposes a juvenile life without parole sentence. Id.

Petitioner's claim should be denied for the same reasons. He has not pointed to clearly established federal law, as decided by the Supreme Court, that would require the sort of individualized sentencing that he requests. Petitioner's sentence allowed for the possibility of parole, so it is not clearly mandated that his youth must be considered in assessing the sentence. The state court's decision must withstand review under Section 2254(d) on this final issue.

Accordingly,

It is recommended that Petitioner's petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14)

days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of July, 2021.

Mark L. Hornsby
U.S. Magistrate Judge